11-0880-cr
United States v. Horton

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of July, two thousand twelve

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             GERARD E. LYNCH,
                    *Circuit Judges.*

————————————————————————————————————

UNITED STATES OF AMERICA,
                    *Appellee*,

             -v-                                          11-0880-cr

KEITH HORTON, also known as "Kizza,"
                    *Defendant-Appellant*,

DARQUAN WALKER, ARTHUR BULLOCK, RALPH WALKER,
SCHIQUAN HARRISON, MARQUISE SCOTT, JERRY SLAUGHTER,
BRYAN SHEPARD, QUASHAWN BLUNT,
                    *Defendants*.

————————————————————————————————————

Appearing for Appellant:     Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, N.Y.

Appearing for Appellee:      Elizabeth S. Riker, Assistant United States Attorney (John M. Katko, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Keith Horton appeals after entering a guilty plea to one count of conspiracy to engage in racketeering in violation of 18 U.S.C. § 1962(d). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Horton argues principally that the government breached its plea agreement obligation not to oppose "the imposition of the least severe sentence permitted within the applicable Sentencing Guidelines range determined by the Court"
by requesting a within-Guidelines sentence. As Horton acknowledges, he did not object to the government's sentencing comments below. We therefore review only for plain error. *See* Fed. R. Crim. P. 52(b). In order to prevail on plain-error review, a defendant must show that (1) there was an error, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the integrity, fairness, or reputation of judicial proceedings. *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010); *Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Olano*, 507 U.S. 725, 732-36 (1993). To conclude that a defendant's substantial rights were affected, "there must be a reasonable probability that the error affected the outcome of [sentencing]," rather than merely "any possibility" of such an effect. *Marcus*, 130 S. Ct. at 2164; *see also Olano*, 507 U.S. at 734.

Horton cannot meet this standard. Because the government's advocacy of a within-guidelines sentence did not breach its promise, it did not constitute error at all, much less plain error. The government requested only a sentence within the Guidelines range. It did not suggest to the district court where within the Guidelines Horton's sentence should fall, nor did it argue against imposing a sentence at the bottom of the range. Thus, the government's request for a within-range sentence was entirely consistent with its promise not to oppose a sentence at the bottom of the Guidelines range.

Nor did the government's comments regarding Horton's character, made during sentencing, breach the plea agreement. In the plea agreement, the government specifically reserved the right to advise the court at sentencing of any information in aggravation or mitigation of sentencing, regardless of whether it was included in the indictment. The government's remarks were not harshly negative, and were made in support of the government's argument that Horton should be sentenced within the Guidelines range. *See, e.g., United States v. Amico*, 416 F.3d 163, 168 (2d Cir. 2005) (no breach of plea agreement not to disparage defendant where the government's language was "mild, non-provocative, merely informative, and substantially justified"); *United States v. Riera*, 298 F.3d 128, 135-36 (2d Cir. 2002) (no breach of plea agreement not to advocate for a sentence above the Guidelines range where the government provided facts warranting a departure, but did not explicitly advocate for such).

2

The government's advocacy, in a footnote, of a five-year term of supervised release arguably breached the agreement, in that the guideline range for supervised release for Horton's offense permitted any term of supervision between two and five years. *See* U.S.S.G. § 5D1.2(a)(1). To the extent that such advocacy constitutes error, it is not reversible under plain-error review. Even on appeal, Horton does not separately object to his term of supervised release, and mentions the government's footnote only in passing, in arguing that the advocacy of a longer term of *supervision* implied that a longer term of *incarceration* was requited. That argument is unpersuasive; there is no indication that the district court relied on the government's footnote in selecting the prison term it imposed.

*United States v. Vaval*, 404 F.3d 144 (2d Cir. 2005), on which Horton heavily relies, does not compel a different result. In *Vaval*, the government acknowledged that it had agreed not to advocate an upward departure, but then proceeded to "volunteer[ ] highly negative characterizations of [Vaval's] criminal history as 'appalling' and his purported contrition as 'disingenuous,'" emphasize his culpability in "vivid detail," and suggest that "'technically, [it] could'" make a departure argument. *Id*. at 153. We found it "difficult to draw a principled distinction between the government actually moving for an upward departure and stating that it 'technically' could move for such a departure and then adding arguments that would support such a departure." *Id*. As we noted in *Vaval*, our reversal was based on "the severity and context of the government's breach." *Id*. at 154. In *Vaval*, moreover, the defendant immediately and clearly objected to the government's argument, *id*. at 150, rendering our review on appeal plenary rather than for plain error. Here, where the government's breach, if any, was far less severe, we cannot find that any error "seriously affect[ed] the integrity, fairness, or public reputation of judicial proceedings," *Olano*, 507 U.S. at 736, so as to constitute plain error.

Finally, we note the government's acknowledgment at oral argument that its sentencing memorandum deviated from the standard policy of the Northern District United States Attorney's Office of including explicit recitation of any relevant terms of a plea agreement in all sentencing memoranda. Compliance with that salutary policy would surely have reminded the prosecutor of the government's commitment under the agreement, and would likely have led him to avoid the ill-advised language that gave rise to Horton's argument on appeal.

We have considered all of Horton's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3